UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET QUINONES GOMEZ, | * |
| Plaintiff, | * |
| v. | * |
| | * Civil Action No. 13-30200-MGM |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner of Social Security Administration, | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS AND DEFENDANT'S MOTION
TO AFFIRM THE COMMISSIONER'S DECISION
(Dkt. Nos. 14 and 20)

September 15, 2014

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding an individual's entitlement to Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1383(c)(3) (referencing 42 U.S.C. § 405(g)). Janet Quinones Gomez ("Plaintiff") asserts that the Commissioner's decision denying her such benefits -- memorialized in a July 17, 2012 decision of an administrative law judge (ALJ) -- is in error. The parties have filed cross-motions for judgment on the pleadings.

For the following reasons, the Court will deny Plainitff's Motion for Judgment on the Pleadings, (Dkt. No. 14), and will allow Defendant's Motion to Affirm the Commissioner's Decision (Dkt. No. 20).

## II. DISCUSSION

### A. Standard of Review

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. See 42 U.S.C. §§ 405(g) and 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). The Supreme Court has defined substantial evidence as "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (citation and internal quotation marks omitted).

### B. Applicable Disability Standard

Entitlement to SSI requires a showing of both disability and financial need. See 42 U.S.C. § 1381a. Here, Plaintiff's financial need is not challenged.

The Social Security Act (the "Act") defines disability, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual is considered disabled under the Act,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B); see generally Bowen v. Yuckert, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do other work, the application is granted.

Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001); see also 20 C.F.R. § 416.920(a)(4).

**C. Analysis**

The parties are well aware of the factual and procedural history of the case. Plaintiff advances two arguments in support of her contention that the ALJ committed reversible error. First, Plaintiff argues that the ALJ erred by not properly evaluating the opinion of Monserratte Ruiz, a Licensed Clinic Social Worker ("LCSW"), when assessing her Residual Functional Capacity[1] because Mr. Ruiz's opinion was co-signed by Dr. Redstone, an acceptable medical source pursuant to both 20 C.F.R. 416.913 and 20 C.F.R. 404.1513.[2] Second, Plaintiff argues that the ALJ improperly speculated that Mr. Ruiz's opinion was motivated by a desire to assist the plaintiff in obtaining

---

[1] The ALJ "grant[ed] little weight to the opinion of Mr. Ruiz," a Licensed Clinical Social Worker ("LCSW"), because (1) "Mr. Ruiz is not a psychologist nor a psychiatrist and therefore is not considered to be" an acceptable medical source pursuant to the Regulations; (2) Mr. Ruiz's findings are "based significantly on the claimant's self-reporting," and there is a "significant discrepancy between the claimant's statements and the various documents in the evidence of record as noted above and within"; (3) Mr. Ruiz did not have any other records with which to corroborate the claimant's past treatment history or report of symptoms; (4) Mr. Ruiz "did not conduct any symptoms validity testing or objective testing from which to corroborate or measure the extent of the claimant's symptoms"; and (5) "Mr. Ruiz's assessment was inconsistent with the medical status examinations of the claimant as contained in medical evidence of record and the documentary evidence of record." (Administrative Record ("A.R.") 35.)

[2] In her brief, Plaintiff also argued that the ALJ erred by stating that Mr. Ruiz was not an "acceptable medical source," and therefore failing to explicitly acknowledge that his opinion still may be considered pursuant to 20 C.F.R 404.1513(d).

3

benefits.[3] In response, the Commissioner concedes "the ALJ's decision was flawed" for the two reasons put forth by Plaintiff, but maintains that the ALJ had other sufficient reasons for discounting Mr. Ruiz's opinion and that the ALJ's decision should be affirmed because it is supported by substantial evidence.

As a result of the Commissioner's unequivocal concessions, the court need not offer an opinion on the question of whether the ALJ's decision was, in fact, improper for those two reasons. Instead, the court will assume <u>arguendo</u> that the ALJ erred in both instances, and it will evaluate the ALJ's decision to determine whether it was nevertheless grounded in substantial evidence and should therefore be affirmed. <u>See</u> 42 U.S.C. §§ 405(g) (court may not disturb the Commissioner's decision if it is grounded in substantial evidence); <u>see</u> <u>also</u> <u>Dantran, Inc. v. United States Dep't of Labor</u>, 171 F.3d 58, 73 (1st Cir. 1999) (remand not required if it would amount to "no more than an empty exercise").

To begin, the ALJ's reasoning underlying her decision to give "little weight" to Mr. Ruiz's opinion was not limited to her statement that Mr. Ruiz is "not considered to be an acceptable medical source," nor was it limited to her speculation as to the reasons for Mr. Ruiz's inconsistent opinion. (Administrative Record ("A.R.") at 35-36.) While the court acknowledges that an ALJ may not discount an opinion of a treating source without sufficient explanation or based solely on speculation, the court is not faced with either situation here. <u>See</u> <u>Oberg v. Astrue</u>, 2012 WL 689339 (D. Mass. Mar. 1, 2012) (insufficient explanation for giving "limited weight" to a treating source's

---

[3] After providing several reasons for granting "little weight" to Mr. Ruiz's opinion, the ALJ noted that "the possibility always exists that an examining source may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another." He then went on to state that "another reality that should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians and therapists, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/therapist/patient tension." He lastly explained that, "[w]hile it is difficult to confirm the presence of such motives, they are likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case." (A.R. 35-36.)

4

opinion is improper); Murphy v. Astrue, 2012 WL 1866288 (D. Mass. Apr. 10, 2012) (ALJ cannot reject a medical opinion on the basis of his own speculation (quoting Ambrosini v. Astrue, 727 F.Supp.2d 414, 425 (W.D.Pa. 2010))).

In fact, the ALJ provided three reasons, to which Plaintiff did not object, in support of her decision to give "little weight" to Mr. Ruiz's opinion, including: (1) Mr. Ruiz's assessment is based significantly on the claimant's self-reporting, particularly when viewed in conjunction with the discrepancy between the claimant's statements and the various documents in the evidence of record; (2) "Mr. Ruiz did not have any other records with which to corroborate the claimant's past treatment history or report of symptoms"; and (3) perhaps most importantly, Mr. Ruiz's "assessment was inconsistent with the mental status examination of the claimant as contained in medical evidence of record and the documentary evidence of record, which revealed an ability to partake in many activities of daily living despite allegedly disabling symptoms." (A.R. at 35-36.) In light of these additional explanations, which are supported by the record, the court finds that the ALJ's explanation for rejecting Mr. Ruiz's opinion was sufficient, even assuming that it was flawed for the two reasons raised by Plaintiff. See 2014 WL 768836 (D.N.H. Feb. 26, 2014) (ALJ did not err in granting treating LCSW's opinion little weight because ALJ stated that the opinion was based on a brief treatment history, was inconsistent with the other evidence, and because the LCSW was not an acceptable medical source.); King v. Astrue, 2010 WL 4457447 (D. Me. Oct. 31, 2010) (when ALJ offered multiple legitimate reasons for rejecting a nurse practitioner's opinion, it was not reversible error).

Furthermore and most significantly, the record provides substantial evidence to support the ALJ's ultimate finding that Plaintiff's impairments did not prevent her from doing the simple, low-stress, low-interpersonal-conflict jobs identified by the vocational expert, and that she was therefore not disabled as defined by the Social Security Act. (A.R. at 22, 38.) See 42 U.S.C. §§ 405(g) and

5

1383(c)(3) (a court may not disturb the Commissioner's decision if it is grounded in substantial evidence); 20 C.F.R. 416.920(g) (defining disability for the purposes of the Social Security Act). First, the two treating doctors to whom the ALJ accorded "significant weight" did not prohibit the Plaintiff from working at any point, thereby demonstrating the physicians' belief that she was not substantially limited in her ability to perform at least some work. (A.R. 34, 499, 507-508). Moreover, the other three doctors to whom the ALJ assigned "some" weight generally found that Plaintiff's impairments were not severe. (A.R. 37, 391-412.) Additionally, Plaintiff had GAF scores of 56 and 57, thereby indicating no more than moderate functional impairment. (A.R. 35, 631, 633). See Diagnostic and Statistical Manual of Mental Disorders 32-33 (Am. Psychiatric Ass'n, Text Revision, 4th ed., 2000) (explaining that GAF scores may even underestimate functional capacity for the purposes of establishing disability in the Social Security Context). Lastly, the ALJ thoroughly explained that evidence deriving from Plaintiff's behavior also supports her conclusion that she is not substantially limited in her ability to do certain kinds of work.[4]

### III. CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 14), and ALLOWS Defendant's Motion for Order Affirming Decision of the

---

[4] The ALJ observed that Plaintiff's behavior (both during and outside of the hearing) and her medical-treatment background was not consistent with that of an individual who is severely impaired to the point that she cannot work. Specifically: Plaintiff was able to care for a young child (which, the ALJ noted, can be particularly demanding both physically and emotionally) (A.R. 29.); she has not performed gainful activity in the past fifteen years "which [the ALJ felt] raise[d] some questions as to whether the current unemployment is truly the result of medical problems" (A.R. 25.); she showed no evidence "of depressive disorder or anxiety disorder while testifying at the hearing" (A.R. 25.); she was able to partake in several activities of daily living despite her alleged impairments (A.R. 23.); "she had not received the type of medical treatment one would expect for a very disabled individual" (A.R. 25.); she "has not been entirely compliant" in taking prescribed medications, exercising, and following up on recommendations made by her examining physician "which suggest[ed to the ALJ] that the symptoms may not have been as limiting as the claimant has alleged in connection with this application" (A.R. 26.); and she was evidently able to "visit her son in New Hampshire[, which] tends to suggest that the alleged symptoms and limitations may have been overstated." (A.R. 32.)

Commissioner, (Dkt. No. 20). The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.

     /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge